FILED

1   Tammy Hussin, Esq. (Bar No. 155290)
2   Lemberg & Associates, LLC
    6404 Merlin Drive                           2013 SEP 30   AM 11: 58
3   Carlsbad, CA 92011
4   Telephone (855) 301-2100 ext. 5514          CLERK U.S. DISTRICT COURT
    thussin@lemberglaw.com                      CENTRAL DIST. OF CALIF.
5                                               LOS ANGELES

6   Lemberg & Associates, LLC                   BY:
    1100 Summer Street
7   Stamford, CT  06905
8   Telephone:  (203) 653-2250
    Facsimile:  (203) 653-3424
9

10  Attorneys for Plaintiff,
    Ryan Agsalud
11

12

13                   UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15                        WESTERN DIVISION

16

17  Ryan Agsalud,                       Case No.:  CV13-07205-GAF (RZx)

18
                  Plaintiff,            **COMPLAINT FOR DAMAGES**
19                                      **1.VIOLATION OF THE**
20        vs.                           **TELEPHONE CONSUMER**
                                        **PROTECTION ACT, 47 U.S.C. § 227,**
21  Credit One Bank; and DOES 1-10,     *ET. SEQ.*
22  inclusive,                          **2.VIOLATION OF FAIR DEBT**
                                        **COLLECTION PRATICES ACT,**
23                                      **CAL.CIV.CODE § 1788** *ET. SEQ.*
                  Defendants.
24
                                        **JURY TRIAL DEMANDED**
25

26

27

28
                                        COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Ryan Agsalud, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Ryan Agsalud (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5.     Defendant, Credit One Bank ("Credit One" or "Defendant"), is a Nevada business entity with an address of 585 Pilot Road, Las Vegas, Nevada 89119, and is a "person" as defined by 47 U.S.C. § 153(10).

6.     Does 1-10 (the "Agents") are individual employees and/or agents employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      Defendant at all times acted by and through one or more of the Collectors.

<strong><u>FACTS</u></strong>

8.      Within the last four years, Credit One placed calls to Plaintiff on his cellular telephones.

9.      Credit One called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

10.     The Federal Communications Commission (FCC) discusses the prohibitions of using a Predictive dialer, and defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that when a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  *Id*.

11.     Credit One's telephone systems have all the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call.

12.     When Plaintiff answered the phone, he was met with the "dead air" as described by the FCC, supra. When Plaintiff answered the calls from Credit One, there was a period of silence before Defendants' telephone system would connect him to the next available representative.

13.     Plaintiff was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

14.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15.     Credit One did not have consent to place calls to Plaintiff on his cellular telephones.

16.     During several live conversations, Plaintiff directed Credit One to remove his cellular telephone numbers from the account and to cease calling him at his cellular telephone numbers.

17.     However, despite having been instructed by Plaintiff not to call, Defendant thereafter continued to place calls to his cellular telephones.

18.     The telephone numbers called by Defendant were assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     Without prior consent the Defendant contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22.     Defendant placed calls to Plaintiff's cellular telephones using prerecorded voice knowing that it lacked consent to call his numbers. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24.    As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

25.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.    The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27.    Credit One Bank, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

28.    The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

29.    The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

30.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

31.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

32.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

COMPLAINT FOR DAMAGES

1

DATED:  September 25, 2013        TAMMY HUSSIN

2

3

By:_____

4

Tammy Hussin, Esq.

5

Lemberg & Associates, LLC
Attorney for Plaintiff, Ryan Agsalud

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tammy Hussin, Esq.
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan Agsalud | CASE NUMBER |
| PLAINTIFF(S) | CV 13-07205 -GAF (RZ) |
| v. | |
| Credit One Bank; and DOES 1-10, inclusive, | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):   Credit One Bank

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, Esq., Lemberg & Associates, LLC, whose address is 6404 Merlin Drive, Carlsbad, CA 92011. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP 3 0 2013

By: _____
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Gary A. Feess_____ and the assigned
Magistrate Judge is _____Ralph Zarefsky_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-7205-GAF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____September 30, 2013_____         By  _MDAVIS_____
            Date                                Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ **Western Division**        ☐ **Southern Division**        ☐ **Eastern Division**
312 N. Spring Street, G-8      411 West Fourth St., Ste 1053    3470 Twelfth Street, Room 134
Los Angeles, CA 90012         Santa Ana, CA 92701             Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)            NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES